**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Andre Franz Lindsay, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:02-2908-12 |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On June 28, 2002, pursuant to 28 U.S.C. § 2255, Andre Franz Lindsay ("petitioner") commenced this pro se action attacking his sentence. On January 22, 2004, the government moved for summary judgment. On January 23, 2004, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On March 15, 2004, the petitioner responded to the government's motion for summary judgment. On August 12, 2004, the petitioner supplemented his response to the government's motion for summary judgment. This matter is now before the Court for disposition.

On November 14, 2000, in a superseding indictment, a federal grand jury charged the petitioner with one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of crack cocaine. On April 25, 2001, the petitioner pled guilty to the charge. On August 28, 2001, the Court sentenced the petitioner to 210 months of confinement followed by 5 years of supervised release. The petitioner did not appeal his guilty plea or sentence.

The petitioner raises three claims in his petition: (1) ineffective assistance of counsel for not objecting to a two point enhancement the petitioner received for being on probation when he committed the offense, (2) ineffective assistance of counsel for not appealing a two level

enhancement for possession of a firearm, and (3) the petitioner's sentence violates the principles set forth in Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004).

In a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984). The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable

probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

First, the petitioner claims counsel was ineffective by not objecting to a sentence enhancement the petitioner received for being on probation while the petitioner participated in a conspiracy to distribute and possess crack cocaine by working with the "New York Boys." See USSG § 4A1.1(d). The petitioner was on probation until May 26, 1998 at which time a state court revoked the petitioner's probation and sentenced him to confinement. The petitioner was released from custody on October 24, 1998. The record reveals, however, that the petitioner did not begin working with the "New York Boys" until December, 1998. Consequently, the petitioner was not on probation when he committed the instant offense and the petitioner's criminal history category was improperly enhanced.

The petitioner received two criminal history points for this enhancement. Reducing the petitioner's criminal history points from thirteen to eleven would take him from a criminal history category of six to a category of five and would reduce the applicable sentencing range from 360 months to life down to 324 to 405 months. The Court departed downward from the guideline range and sentenced the petitioner to 210 months of confinement. This sentence, however, was reduced from a higher guideline range than was proper. The petitioner's sentence would likely have been lower.

As a result of this two point enhancement, the petitioner received a higher sentence. If counsel had objected, the error could have been corrected. An increase in jail time, even a small

amount, prejudices a defendant.  See Glover v. United States, 531 U.S. 198, 203 (2001).  The government contends that if the petitioner had objected to the enhancement they could have corrected the mistake prior to sentencing.  The petitioner, however, is entitled to effective representation during sentencing.  See United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996).  Counsel should have objected to the erroneous application of the criminal history enhancement.  See Smith v. United States, 871 F.Supp. 251, 255 (E.D. Va. 1994).  The petitioner has established that he received ineffective assistance of counsel at sentencing and is entitled to relief on this claim.

Second, the petitioner claims he never possessed a weapon during the conspiracy and counsel was ineffective for not appealing the firearm enhancement to his sentence because of the lack of evidence supporting the enhancement.  The petitioner's Presentence Report contained statements from witnesses who stated that the petitioner routinely carried a .32 caliber pistol.  Counsel initially objected to this enhancement, but withdrew the objection at sentencing.  The petitioner does not allege that counsel possessed information which contradicted the evidence in the petitioner's Presentence Report before sentencing.

In addition, had counsel objected the result would have been the same.  The record reveals that the government had two witnesses who both stated the petitioner routinely carried a pistol.  These witnesses were ready to testify at sentencing.  The petitioner does not allege what evidence he had before sentencing that would have changed the outcome.  The petitioner has not demonstrated that counsel's failure to object and appeal his firearm enhancement prejudiced him.

Finally, the petitioner claims that his sentence violates the principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004).  Recently, the United States Supreme Court reaffirmed

those principles.  See United States v. Booker, 125 S. Ct. 738 (2005).  The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 25.

Subsequent to the decision in Booker, the Seventh Circuit ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005. See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).  Here, the petitioner's case has run its course and his conviction and sentence became final in 2001, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding."  Id.[1]

The Court sets aside the petitioner's initial sentence and orders that the petitioner be sentenced again.  See Breckenridge, 93 F.3d at 135.


**AND IT IS SO ORDERED**.

s/ C. Weston Houck<br>
**C. WESTON HOUCK**<br>
**UNITED STATES DISTRICT JUDGE**

May 4, 2005
Charleston, South Carolina

---

[1] The Court's holding that the petitioner is entitled to a new sentencing hearing renders this claim moot as the Court will apply the sentencing guidelines in compliance with Booker.